UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRUCE BUEHLER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-1744** |
| **SEADRILL AMERICAS, INC.** | **SECTION: "S" (4)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Seadrill Americas, Inc.'s Motion for Partial Summary Judgment (Doc. #11) is **DENIED**.

BACKGROUND

This matter is before the court on a motion for partial summary judgment filed by defendant, Seadrill Americas, Inc. Seadrill argues that it is entitled to summary judgment dismissing plaintiff's Jones Act claim because plaintiff, Bruce Buehler, cannot prove that Seadrill knew or had reason to know of the condition that allegedly caused Buehler's injuries.

On February 18, 2015, Buehler was employed by Seadrill as an electronics technician aboard the SEVAN LOUISIANA, a semi-submersible deepwater drilling vessel that was operating in the navigable waters of the Gulf of Mexico. Buehler claims that he slipped and fell in a puddle of melted ice cream as he exited an elevator on the fifth floor, which contained the living quarters for Seadrill's senior employees, and was not used as a throughway for personnel to get to other areas of the rig. At the time of the accident, there were forty-two non-Seadrill employees on the vessel who ate in the galley with the Seadrill employees.

The next day, Buehler reported the accident to his supervisor, but did not seek medical attention or complete an accident report. Buehler finished his hitch and sought medical treatment onshore. Buehler had surgery to repair the injury to his shoulder that he claims was caused by this accident.

Beuhler filed this suit on May 22, 2015, alleging claims against Seadrill related to the February 18, 2015, accident for Jones Act negligence, unseaworthiness, and maintenance and cure. Seadrill filed the instant motion for partial summary judgment arguing that Beuhler cannot prevail on his Jones Act negligence claim because there is no evidence demonstrating who was responsible for spilling the ice cream, how long it was on the floor, or that there had been enough time for Seadrill to have learned of the ice cream and cleaned the area. Buehler argues that a Seadrill employee must have been responsible for spilling the ice cream because only Seadrill employees used the fifth floor, and it was on the floor long enough to melt and attain room temperature. Also, Buehler argues that Seadrill's employees returning to their bunks after dinner knew or should have known of the spill and should have cleaned the spill laying the hallway of the Seadrill bunk floor. He argues further that Seadrill should be held labile for failing to enforce the policy restricting food to the galley. He testified that he has personally seen personnel take food from the galley. Thus, Seadrill had constructive knowledge of the condition because one of its employees must have spilled the ice cream and it was on the floor for long enough to have been seen by a Seadrill employee.

## ANALYSIS

I.  **Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Granting a motion for summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits filed in support of the motion demonstrate that there is no genuine issue as to any material fact that the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2509-10 (1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson, 106 S.Ct. at 2510).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**II.     Jones Act Negligence**

Under the Jones Act, 46 U.S.C. § 30101, et. seq, a seaman's employer is liable for damages if the employer's negligence, including negligence of the employer's officers, agents, or employees, caused the seaman's injury. See Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 335 (5th Cir. 1997) (en banc); see also Hopson v. Texaco, Inc., 86 S.Ct. 765, 766 (1966). The employer is held to a standard of ordinary prudence under the circumstances. Id. "An employer 'has a continuing duty to provide a reasonably safe place to work and to use ordinary care to maintain the vessel in a

reasonably safe condition.'" Lett v. Omega Protein, Inc., 487 Fed. Appx. 839, 843 (5th Cir. 2012) (quoting 1 Admiralty & Maritime Law § 6-22 (5th ed.)). The terms "slightest" and "featherweight" have been used to describe the reduced standard of causation between the employer's negligence and the employee's injury, and a seaman must only show that "his employer's negligence is the cause, in whole or in part, of his injury." Gautreaux, at 335; Johnson v. Offshore Express, Inc., 845 F.2d 1347, 1352 (5th Cir. 1988). However, "[u]nder familiar principles of negligence, in Jones Act cases, there must be some evidence from which a jury can infer that the unsafe condition existed and that the owner either knew or, in the exercise of due care, should have known of it." Perry v. Morgan Guar. Trust Co. of N.Y., 528 F.2d 1378, 1379 (5th Cir. 1976).

 Seadrill argues that there is no evidence of how long the ice cream was on the floor, who spilled it or that Seadrill, through its employees, either knew about it or should have known about it. In his affidavit, Buehler declares that he slipped and fell in a puddle of ice cream that was completely melted and at room temperature at the time of the incident. He states that the accident occurred on a floor of the vessel that was used only by Seadrill employees as their living quarters and was not used to access other areas of the vessel.

 This case is factually similar to Dos Santos v. Ajax Navigation Corp., 531 So.3d 231 (Fla. Dist. Ct. App. 1988). Dos Santos was a waiter aboard a cruise ship. Id. at 232. He injured his wrist after he slipped and fell in butter that was spilled on the floor of an area where the waiters worked and only crewmembers were allowed. Id. at 233. The employer argued that Dos Santos could not prove the length of time that the butter was on the floor or that another crewman negligently dropped it on the floor. Id. at 234. The appellate court reversed the district court's directed verdict on Dos Santos's Jones Act claim finding that the record contained "ample evidence from which a jury could

4

have found that appellees negligently caused [Dos Santos's] injuries," because "[i]t does not require . . . a 'quantum leap' to conclude that the negligence of another employee caused the butter to be on the floor" considering that Dos Santos fell in an area restricted to the ship's personnel. Id. at 235.

Buehler's statements are sufficient evidence to create a genuine issue of material fact regarding whether the dangerous condition was created by Seadrill, or that Seadrill may have acted negligently because a Seadrill employee more likely than not dropped the ice cream and that it was there for some time, giving Seadrill the opportunity to discover and remedy the condition.  Thus, Buehler has met his "featherweight" burden of proof to overcome summary judgment on his Jones Act claim, and Seadrill's motion is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Seadrill Americas, Inc.'s Motion for Partial Summary Judgment (Doc. #11) is **DENIED**.

New Orleans, Louisiana, this _6th_ day of April, 2016.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**